**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK DONHAM and <br> HEARTWOOD, INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES FOREST <br> SERVICE, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 07-CV-111-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Factual/Procedural Background

On February 12, 2007, Plaintiffs filed a complaint against the United States Forest Service (USFS) alleging violations of the Freedom of Information Act (FOIA). Plaintiffs allege that their FOIA request was improperly denied by the USFS with respect to three documents, labeled Documents 1, 2, and 3 in the USFS's *Vaughn* Index[1] (Doc. 17-2, Exh. E). The USFS describes Document 1 as a copy of ISO 14001, Document 2 as a draft USFS document entitled "NEPA, EMS, and the New Forest Planning Rule," and Document 3 as a draft USFS document entitled "Greening of the FS (EO13148): 'Big Picture' Integrated Approach to NFMA/NEPA/EMS."

On September 14, 2007, the parties filed cross motions for summary judgment (Docs. 25 & 26). Plaintiffs argue that the USFS is required to produce ISO 14001 under FOIA because 36 C.F.R. § 219.5 (2007) requires USFS compliance with ISO 14001 making it an agency record by

---

[1] A *Vaughn* index is a comprehensive list of documents withheld by an agency pursuant to the FOIA's statutory exemptions. ***See Vaughn v. Rosen*, 484 F.3d 820 (D.C. Cir. 1973).** A *Vaughn* index includes the dates, numbers, and general subjects of the documents.

virtue of its incorporation (Doc. 25). Plaintiffs argue that no exemption protects any of the documents at issue from disclosure.[2]

The USFS argues that ISO 14001 is a non-governmental copyrighted document, to which it only has access pursuant to a licensing agreement. As such, the USFS argues that ISO 14001 is not an agency document, as the USFS lacks adequate control over it. In the alternative, the USFS argues that ISO 14001 is exempt from disclosure under 5 U.S.C. § 552(b)(4) because it constitutes confidential commercial information. The USFS also argues that the other two documents are intra-agency memoranda exempt from disclosure under 5 U.S.C. § 552(b)(5).

The Court set a hearing for May 9, 2008 and ordered the USFS to submit Documents 1, 2, and 3 for *in camera* review in accordance with 5 U.S.C. § 552(a)(4)(B). Having fully reviewed the parties' filings, the Court **DENIES** Plaintiffs' motion for summary judgment (Doc. 25) and **GRANTS IN PART AND DENIES IN PART** the USFS's motion for summary judgment (Doc. 26). Additionally, the Court **DIRECTS** Plaintiff to join the American National Standards Institute (ANSI) to this action no later than July 15, 2008. Consequently, the Court also **CONTINUES** the bench trial in this matter to **9:00 a.m. on December 1, 2008.**

### B. Required Parties Under Rule 19

As explained above, Plaintiffs allege that their FOIA request was improperly denied

---

[2] The Court construes Plaintiffs' motion for summary judgment as seeking judgment in their favor as to all three documents. To be sure, Plaintiffs' motion is not a model of clarity, as Section VII's heading is titled "ISO 14001 Is Not Subject to Exemption 5." However, the USFS does not claim that Exemption 5 applies to the ISO 14001, and Plaintiffs' argument with respect to that exemption states that Exemption 5 does not protect *any* of the documents in question from disclosure. The USFS believes that Plaintiffs "apparently do not challenge the Forest Service's non-disclosure of Documents 2 and 3" and therefore, the USFS did not address the Exemption 5 argument in its response (Doc. 29). However, given that these matters come before the Court on cross-motions for summary judgment, and the USFS has thoroughly provided a basis for why it believes Documents 2 and 3 are exempt from disclosure in its own motion (Doc. 26), the Court deems the matter fully briefed.

by the USFS with respect to three documents, the first of which is described as ISO 14001, a non-governmental copyrighted document to which it has access pursuant to a licensing agreement with ANSI. According to the USFS, the license only permits the USFS and its employees to view the ISO 14001 "and does not permit access of any kind by third parties" (Doc. 20-2, ¶ 6; see Exh. B, ¶ 2(c), (d)). However, the ISO 14001 is available for sale on ANSI's website, and ANSI clearly has a proprietary interest in the document.

To date, neither party has sought joinder of ANSI. Consequently, the Court set a hearing for May 9, 2008 and directed the parties to address the issue of whether ANSI is a required party under **FEDERAL RULE OF CIVIL PROCEDURE 19**. Having fully considered the parties' arguments, the Court finds that ANSI is a required party under Rule 19 and must be joined to this suit.

> Under **Rule 19(a)(1)**,
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Additionally, **Rule 19(a)(2)** provides that "[i]f a person has not been joined as required the court *must* order that the person be made a party" **(emphasis added)**.

Under this standard, ANSI is a required party who must be joined to this lawsuit. The International Organization for Standardization (ISO) developed the ISO 14001, and ANSI is the sole member of the ISO in the United States. As such, ANSI is permitted to sell and license the ISO 14001 to third parties. The USFS has clearly stated that ANSI granted it a license to use the ISO 14001. If required to turn over the document pursuant to the FOIA, the USFS may be forced to violate its license with ANSI. Therefore, a ruling in Plaintiffs' favor would subject the USFS to inconsistent obligations.

Additionally, it is not clear that the USFS can adequately protect ANSI's proprietary interest in the ISO 14001. ***See Weisberg v. United States Dep't of Justice*, 631 F.2d 824, 829–30 (D.C. Cir. 1980).** ANSI's presence in this action is therefore necessary to ensure that its interest is protected.

Accordingly, pursuant to Rule 19(a)(2), the Court **DIRECTS** Plaintiffs to join ANSI to this action. Plaintiffs shall serve ANSI with an amended complaint, consistent with the remainder of this Order, no later than July 15, 2008. After service is effected, the parties should notify the Court, at which time the Court will set new deadlines for filing dispositive motions.

The obvious consequence of this Order is that the bench trial in this case must be continued. As such, the Court hereby **CONTINUES** the bench trial in this matter to **9:00 a.m. on December 1, 2008.**

### C. Legal Standard for Summary Judgment Motions

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. ***Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008) (citing FED. R. CIV. P. 56 (c), *Celotex Corp. V. Catrett*, 477 U.S. 317, 322-23 (1986), and *Kreig v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007)).** *Accord Levy v. Minnesota*

*Life Ins. Co.*, **517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, this Court must view the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. ***TAS Distributing Co., Inc. v. Cummins Engine Co.*, 491 F.3d 625, 630 (7th Cir. 2007);** *Reynolds v. Jamison***, 488 F.3d 756, 764 (7th Cir. 2007).**

The parties have filed cross-motions for summary judgment. The United States Court of Appeals for the Seventh Circuit has explained that when cross-motions for summary judgment are filed, "we look to the burden of proof that each party would bear on an issue of trial; we then require that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." ***Diaz v. Prudential Ins. Co. of America*, 499 F.3d 540, 643 (7th Cir. 2007) (quoting** *Santaella v. Metropolitan Life Ins. Co.***, 123 F.3d 456, 461 (7th Cir. 1997)).**

## D.  Analysis

"The basic purpose of the Freedom of Information Act is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." ***NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (citations omitted).** The FOIA establishes the general philosophy of full agency disclosure and seeks to prohibit agencies from denying legitimate information to the public. ***GTE Sylvania, Inc. v. Consumers Union of the United States*, 445 U.S. 375, 385 (1980).** In accordance with these goals, the FOIA provides that "each agency, upon request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." **5 U.S.C. § 552(a)(3).**

The federal district courts may enjoin an agency from withholding agency records

and may require the agency to produce records improperly withheld from the complainant. **5 U.S.C. § 552(a)(4)(B).** Thus, "[f]ederal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" ***Kissinger v. Reporters Comm. For Freedom of the Press*, 445 U.S. 136, 150 (1980).**

However, an agency is not required to disclose agency records if they fall within one of the nine specific exemptions provided in **5 U.S.C. § 552(b).** "But unless the requested material falls within one of these nine statutory exemptions, the FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public." *NLRB***, 437 U.S. at 221.**

## 1.  Document 1

As previously explained, Document 1 is the ISO 14001. As ANSI has been deemed a required party due to its proprietary interest in this document, the Court **DENIES** both the Plaintiffs' and Defendant's motions for summary judgment with respect to this document (Docs. 25 & 26) **without prejudice and with leave to re-file**. After service is effected upon ANSI, the Court will set new deadlines in which the parties may file any such motion.

## 2.  Documents 2 & 3

The parties each move for summary judgment as to Documents 2 and 3 (Doc. 26). The USFS does not contest that Documents 2 and 3 are agency records. As such, the Court need only determine whether any exemption permits the USFS to refuse the disclosure of these documents.

The USFS points to Exemption 5, which protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." **5 U.S.C. § 552(b)(5)**. The agency bears the burden of

proving that a requested document falls within a FOIA exemption.  *Solar Sources, Inc. v. United States*, **142 F.3d 1033, 1037 (7th Cir. 1998)**; *see Tax Analysts I*, **492 U.S. at 142 n.3.**

Exemption 5 has been construed to include documents that fall within the scope of the deliberative process privilege, which protects "all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *King v. Internal Revenue Service*, **684 F.2d 517, 519 (7th Cir. 1982) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975)).**  The policy underlying this privilege is that agency employees must feel free to engage in candid dialogue with decision-makers when formulating final agency decisions.  *Enviro Tech Int'l, Inc. v. United States Environmental Protection Agency*, **371 F.3d 370, 374 (7th Cir. 2004).**  Consequently, pre-decisional agency documents are privileged "because they reflect the agency 'give-and-take' leading up to a decision that is characteristic of the deliberative process." *King*, **684 F.2d at 519 (quoting *Taxation Without Representation Fund v. Internal Revenue Service*, 646 F.2d 666, 677 (D.C. Cir. 1981)).**  Draft documents are generally considered to be pre-decisional if they are deliberative in nature, but the agency "bears the burden of proving what deliberative process was involved and what role the document played in that process."  *Id.*  Moreover, the Seventh Circuit has explained that

> in order to qualify for the privilege, a document must be both predecisional in the sense that it is "actually [a]ntecedent to the adoption of an agency policy," and deliberative in the sense that it is "actually . . . related to the process by which policies are formulated."

*Enviro Tech Int'l*, **371 F.3d at 375 (quoting *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc)).**

Document 2 is titled "NEPA, EMS and the New Forest Planning Rule" and is dated

October 10, 2003. Document 3 is titled "Greening of the FS (EO13148): 'Big Picture' Integrated Approach to NFMA/NEPA/EMS" and is dated August 9, 2003. The *Vaughn* index indicates that these are draft documents. The USFS regularly uses draft documents to engage deliberations about agency policies in order to recommend what the agency's final decision should be. The USFS asserts that the documents have not been adopted as official policy, and that each "reflects internal agency discussions and opinions" (Doc. 17-2, Exh. E).

In her declaration, Barbara Timberlake, a FOIA and Privacy Act analyst for the USFS and the United States Department of Agriculture, states that Documents 2 and 3 involve discussions related to a proposed regulation, which was ultimately codified at 36 C.F.R. § 219.5 (Doc. 17-2, ¶ 16). Timberlake states that the documents "reflect opinions, discussions, preliminary analyses and evaluation used in the decision making process," . . . "predate a decision about the regulation," and "were used to intiate discussions among agency personnel on concepts and issues to be resolved in developing the regulation" (Doc. 17-2, ¶ 16). Timberlake also states that the documents include "advice and opinions from agency employees" and "reflect the views of agency employees on matters associated with the proposed regulation" (Doc. 17-2, ¶ 17).

Plaintiffs argue that the USFS has not carried its burden because the USFS simply asserts, without any specificity, that the documents are pre-decisional. However, the USFS has produced Documents 2 and 3 for *in camera* review pursuant to **5 U.S.C. § 552(a)(4)(B)**, which provides

> [T]he court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section . . .

The Court has reviewed Documents 2 and 3 and agrees with the USFS that each is pre-decisional.

First, Documents 2 and 3 both indicate that they are drafts written in 2003. Thus, these documents were actually antecedent to the January 5, 2005 adoption of the regulation at issue. *See* **70 Fed. Reg. 1023 (Jan. 5, 2005).** Additionally, the drafts are clearly deliberative in nature, as they discuss the proposed regulation establishing an EMS under the ISO 14001. Proposals in both documents address the nature and function of an EMS and include questions and comments about how the EMS could impact the USFS's compliance with other statutes and regulations. Document 3 also raises the positive and negative aspects of implementing an EMS under the ISO 14001 and discusses how the USFS might respond to such challenges.

Documents 2 and 3 are precisely the kind of documents that Exemption 5 and the deliberative process privilege seek to protect from disclosure. The drafts reflect agency employees' thinking about the merits and consequences of enacting a particular regulation and/or policy. The proposals and comments therein were clearly aimed at fleshing out the USFS's potential responsibilities under the regulation and possible responses to challenges that could be met after its implementation. It is imperative that agencies be permitted to engage in this kind of open and frank dialogue without fear that "each remark is a potential item of discovery and front page news." *Enviro Tech Int'l, Inc.*, **371 F.3d at 374.**

Therefore, the Court finds that Documents 2 and 3 are pre-decisional and exempt from disclosure under **5 U.S.C. § 552(b)(5)**. As no genuine issue of material fact remains with respect to these documents, the Court **GRANTS** the USFS's motion for summary judgment (Doc. 26) and **DENIES** Plaintiffs' motion for summary judgment (Doc. 25) as to Documents 2 and 3.

### E. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' motion for summary judgment (Doc. 25) and **GRANTS IN PART AND DENIES IN PART** the USFS's motion for summary judgment (Doc. 26). The Court **GRANTS** the USFS's motion for summary judgment with respect to Documents 2 and 3, and **DENIES** the USFS's motion for summary judgment with respect to Document 1.

Additionally, the Court **DIRECTS** Plaintiffs to file an amended complaint consistent with this Order by **June 6, 2008.**

The Court also **DIRECTS** Plaintiffs to join ANSI to this action. Plaintiffs shall serve ANSI with an amended complaint, consistent with this Order, no later than **July 15, 2008**. After service is effected upon ANSI, the Court will set new deadlines by which the parties may file motions for summary judgment with respect to Document 1.

Consequently, the bench trial in this case must be continued. As such, the Court hereby **CONTINUES** the bench trial to **9:00 a.m. on December 1, 2008.**

**IT IS SO ORDERED.**

**DATED this 21st day of May 2008.**

                                                         s/ Michael J. Reagan
                                                         **MICHAEL J. REAGAN**
                                                         **United States District Judge**