# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DONHAM and HEARTWOOD, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 07-CV-111-MJR ) |
| UNITED STATES FOREST SERVICE, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Factual/Procedural Background

On February 12, 2007, Plaintiffs filed a complaint against the United States Forest Service (USFS) alleging violations of the Freedom of Information Act (FOIA). Plaintiffs alleged that their FOIA request was improperly denied by the USFS with respect to three documents, labeled Documents 1, 2, and 3 in the USFS's *Vaughn* Index[1] (Doc. 17-2, Exh. E). Document 1 is a copy of ISO 14001, Document 2 is a draft USFS document entitled "NEPA, EMS, and the New Forest Planning Rule," and Document 3 is a draft USFS document entitled "Greening of the FS (EO13148): 'Big Picture' Integrated Approach to NFMA/NEPA/EMS."

On September 14, 2007, the parties filed cross motions for summary judgment (Docs. 25 & 26). On May 9, 2008, the Court denied Plaintiffs' motion and granted in part and denied in

---

[1] A *Vaughn* index is a comprehensive list of documents withheld by an agency pursuant to the FOIA's statutory exemptions. *See* **Vaughn v. Rosen, 484 F.3d 820 (D.C. Cir. 1973).** A *Vaughn* index includes the dates, numbers, and general subjects of the documents.

part the USFS's motion, finding that Documents 2 and 3 are exempt from disclosure (Doc. 33). That left Document 1 ("ISO 14001"), which the parties agree is a copyrighted document to which the USFS obtained access pursuant to a licensing agreement with the American National Standards Institute (ANSI).[2] The Court declined to rule with respect to the ISO 14001, and instead directed Plaintiffs to join ANSI to the action as a required party. ANSI appeared in the action and informed the Court that it had voluntarily provided Plaintiffs with a copy of ISO 14001.

The parties have now filed cross motions for summary judgment (Docs. 53 &54). Plaintiffs and the USFS each submitted responses (Docs. 55 & 59), and ANSI filed a memorandum in support of the USFS's motion for summary judgment (Doc. 64). The USFS argues that Plaintiffs' acquisition of the ISO 14001 from ANSI makes their claim as to that document moot. Alternatively, the USFS claims that the ISO 14001 is not an agency record, and even if it is, it is exempt from disclosure. Plaintiffs, on the other hand, argue that their claim is not moot, and that the FOIA requires the USFS to produce the ISO 14001 in response to its FOIA request.

Having fully reviewed the parties' filings, the Court finds that Plaintiffs' claim for the production of the ISO 14001 is **MOOT**. Consequently, the pending motions for summary judgment must be **DENIED AS MOOT** and this case must be **DISMISSED**.

### B. Standing and Mootness

Because ANSI voluntarily provided Plaintiffs with a copy of the ISO 14001, there is a question as to whether Plaintiffs' claim for the production of that document under the FOIA

---

[2] The International Organization for Standardization (ISO) developed the ISO 14001, and ANSI is the sole member of the ISO in the United States. As such, ANSI is permitted to license the ISO 14001 to third parties.

presents an Article III "case or controversy." The USFS argues that Plaintiffs lack standing and the claim is moot, because Plaintiffs have obtained all of the relief they sought as to that document in the complaint. Plaintiffs argue that since the USFS denied their FOIA request and continues to claim that the ISO 14001 is exempt from disclosure, the claim is not moot.

Article III, § 2 of the Constitution limits judicial authority to resolve only actual cases and controversies. If a party lacks standing, or an action becomes moot, the Court lacks the power to hear the case. And though standing and mootness are related, they involve distinct and separate inquiries.

In order to satisfy the standing requirement of Article III, a plaintiff bears the burden of presenting "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." ***Davis v. Federal Election Comm'n*, -- U.S. --, 128 S.Ct. 2759, 2768 (2008).** In determining whether a claimant has standing, the Court asks whether the personal interest existed at the commencement of the litigation. ***Id.***

Here, there is no serious argument that Plaintiffs lacked standing at the outset. The Plaintiffs sought specific information from the USFS and were denied. The Plaintiffs claimed that they were entitled to receive the ISO 14001 pursuant to the FOIA, and sued to obtain a ruling forcing the USFS to provide them with a copy of that document. Clearly, Plaintiffs had standing to sue at the outset of this litigation.

The real question before the Court is whether the parties' dispute is moot now that ANSI has voluntarily provided Plaintiffs with a copy of ISO 14001. In ***Friends of the Earth v. Laidlaw Envtl. Servs.***, the Supreme Court provided a thorough explanation of the mootness doctrine,

describing it as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." **528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English [v. Arizona]*, 520 U.S. [43], 68 n. 22 . . . (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 . . . (1980), in turn quoting Monaghan, Constitutional Adjudication: The Who and When, 82 YALE L.J. 1363, 1384 (1973))).** The Court further explained that

> the standard . . . for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. . . . The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

*Id.* **(quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).**

The USFS argues that Plaintiffs' claim became moot when ANSI, who was joined to this action as a required party, tendered a copy of the ISO 14001. In other words, Plaintiffs' complaint seeks only a copy of the ISO 14001, and now that Plaintiffs have it, any possible injury has been rectified. Indeed, the Seventh Circuit has explained that "[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Walsh v. U.S. Dep't of Veterans Affairs*, **400 F.3d 535, 536 (7th Cir. 2005) (quoting *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993); citing *Matter of Wade*, 969 F.2d 241, 248 (7th Cir. 1992) ("In FOIA cases, mootness occurs when requested documents have already been produced."); *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984) ("Once the requested documents have been produced, the claim for relief under FOIA becomes moot."); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the**

**release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."**)).

Plaintiffs correctly point out that the cases cited by the USFS involve mootness in circumstances where the government agency, rather than a third-party copyright owner, turns over the document in question. However, Plaintiffs overlook the fact that the injury claimed in the complaint has now been redressed by their receipt of the ISO 14001 from ANSI. Plaintiffs claimed that the USFS's failure to turn over the ISO 14001 deprived them of the ability to fully understand how the USFS makes certain policy decisions. As stated in the complaint, "[w]ithout this information, the plaintiffs cannot provide themselves or their membership with information regarding the National Forests that is the subject of the information request, nor can they effectively advocate for the protection of National Forests through administrative and legal processes" (Doc. 3, ¶ 7). Now that they possess the document they sought in the first instance, there is no further relief that this Court can possibly grant. Plaintiffs can obtain nothing further by continued litigation of this action.

The Court is also convinced that the Plaintiffs' injury can not reasonably be expected to recur. With the ISO 14001 in hand, it is clear that Plaintiffs have no need to make any future request for this document, and since no such request will be made, there will be no refusal. Even in the unlikely event that Plaintiffs do make such a request, the Court has not been presented with any reason to believe that ANSI will not again tender the document, as it has done here.

The USFS has satisfied its burden of proving that Plaintiffs' claim with respect to the ISO 14001 is moot, and, therefore, this action must be dismissed.

### C. Conclusion

Accordingly, the Court **FINDS** that Plaintiffs' claim for the production of Document 1 (the ISO 14001) is **MOOT**. Consequently, Article III deprives this Court of the power to decide that claim. The Court therefore **DENIES AS MOOT** Plaintiffs' motion for summary judgment (Doc. 53) and **DENIES AS MOOT** the USFS's motion for summary judgment (Doc. 54).

The Court notes that its May 21, 2008 Order granted summary judgment in favor of the USFS with respect to Documents 2 and 3 (Doc. 33). The Clerk of the Court is now **DIRECTED** to enter judgment in favor of the USFS and against Plaintiffs with respect to Documents 2 and 3.

This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**DATED this 12th day of December 2008.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**